IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MICAH CROCKETT<br>DOMINIQUE MOSLEY<br>   Plaintiff<br><br>   v.<br><br>CHICAGO POLICE OFFICERS<br>DEROIN, T.H.   (Star # 7619)<br>PLEBANSKI, D.J.   (Star # 12072)<br>JOHN DOE 1<br>JOHN DOE 2<br>The CITY OF CHICAGO,<br><br>   Defendants. | FILED: AUG 14, 2008<br>No. 08 CV 4622<br>   JUDGE GRADY<br>   MAGISTRATE JUDGE KEYS<br>   RCC |

**COMPLAINT**

NOW COMES the Plaintiffs, MICAH CROCKETT, and DOMINIQUE MOSLEY, by and through their attorney, BRENDAN SHILLER, complaining of the Defendants, Chicago Police Officers Deroin (Star #7619), Plebanski (Star #12072), JOHN DOE 1, JOHN DOE 3 and the CITY OF CHICAGO, and in support of states as follows.

**Introduction**

1. This action is brought pursuant to 42 U.S.C. Section 1983, to redress deprivation under color of law of Crockett's and Mosley's rights as secured by the Constitution of the United States of America, and contains some attendant state claims.

2. Specifically, as a result of police misconduct and abuse more fully described below, Plaintiff alleges that Defendant Officers, acting under the color of law,

1

have engaged in a stop, search, and seizure all without probable cause and an unlawful arrest with excessive force.

## Jurisdiction and Venue

3. This Court has jurisdiction of the action pursuant to 28 U.S.C. Sections 1331 and 1367, this Court has jurisdiction over Count 5 of this action under the provisions of the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

4. Venue is proper under 28 U.S.C. Section 1391 (b). The events purported herein all occurred in the Northern District of Illinois. All parties to the case reside within the Northern District of Illinois.

## Parties

5. Micah Crockett resides at 6551 S. Yale, Apt. 1, Chicago, IL, 60621.

6. Dominique Mosley currently lives on the south side of Chicago.

7. Defendant Officers Deroin (Star #7619), Plebanski (Star #12072), John Doe 1, and John Doe 2 are present or former employees of the Chicago Police Department. At all times relevant, Defendant Officers acted under their authority as duly appointed police officers and sergeant of the Chicago Police Department.

8. Defendant City of Chicago is a municipal corporation organized under the laws of the State of Illinois. The City of Chicago was and is the public employer of Defendant Officers.

## Background Facts

9. On April 16th, 2007, Crockett and Mosley were driving in Crockett's car. Crockett was driving Mosley home from a basketball game.

10. They had left Bradley Park, at 96th and Yates, and were traveling towards 81st and Oglesby, (which is where Dominique Mosley lives), when they turned around to go back to Bradley Park and pick up a friend who had called and asked them for a ride.

11. They were traveling South when they were stopped near 94th and Colfax by four white officers.

12. Crockett was obeying all traffic laws at the time the officers signaled for him to pull over, so he was fairly certain that they were stopping him for no other reason than the fact that he is African-American.

13. Crockett got off the side street and onto the busy intersection at 95th and Colfax. He had pulled onto the main road so that there would be witnesses if these four white police officers tried to hurt him and Dominique Mosley.

14. The police officers were driving in an unmarked squad car. One of them was wearing an ATF hat. The Officers never said stated their reason for stopping Crockett. They never said they had any reason whatsoever to believe he had done anything wrong. Instead, they opened both doors and snatched Crockett and Mosley out of the car, screaming, "**Get the fuck out.**"

15. All four of the Defendant Officers repeatedly punched both Crockett and Mosley in the face and body. They did not stop when either Crockett or Mosley cried out, they only stopped when they saw that people passing by had noticed them.

16. During the beating, one of the officers hit Dominique Mosley in the mouth and chipped her tooth.. The Defendant Officers thought she was male, until she screamed, "I'm not a boy!" After that, the female officer came over and slapped and punched Dominique Mosley.

17. The Defendant Officers handcuffed both of them and locked them in separate squad cars. The officers made them stay there for an hour, while they proceeded to search the car and the area surrounding it.

18. One of the officers threatened Crockett with a gun, saying he would shoot him if Crockett did not "tell him what he had done".

19. Outside the car, the officers found two bags of marijuana, containing 16 grams. They assumed that those bags belonged to Crockett and decided to arrest him for possession of cannabis.

20. At this point they released Mosley, but took Crockett to the station. They kept Crockett there for eight hours.

21. The case was dismissed in June 2007, but the matter is not over for Micah Crockett and Dominique Mosley. Both of them are still fearful, distrustful of the police, and both of them stay home more than they used to before the incident.

### Causes of Action

### Count 1---42 U.S.C. Section 1983 Claim---Unlawful Seizure

22. Plaintiffs reallege and reincorporate all previous paragraphs.

23. As described above, Defendant Officers conspired among themselves and falsely arrested and detained Plaintiff Crockett without justification and without

probable cause thus violating Plaintiff rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C. Section 1983.

24. When the officers arrested Crockett in April 2007, they were aware that there was no valid basis for the arrest. Crockett had not committed any traffic violation, and did not roll down the window to throw out the bags of marijuana until after the police attempted to pull them over. Their stop was not even based upon reasonable suspicion, much less probable cause.

25. As a direct and proximate result of the wrongful actions of Defendants, Plaintiffs suffered mental, emotional and physical damage and traumas, humiliation, loss of liberty, mental distress and anguish, and actual damages in the form of bruises, pain, and Dominique Mosley's chipped tooth.

26. WHEREFORE, Plaintiff request that judgment be entered in favor of Plaintiff and against Defendant City of Chicago, and Officers Deroin (Star #7619), Plebanski (Star #12072), JOHN DOE 1, JOHN DOE 2, and that the Plaintiff be awarded compensatory damages, punitive damages, reasonable attorney's fees, costs, expenses and any other relief that this Honorable Court finds appropriate and just.

**Count 2---42 U.S.C. Section 1983 Claim---Excessive Force**

.27. Plaintiffs reallege and reincorporate by reference all of the preceding paragraphs.

28. As a result of the unreasonable and unjustifiable attack on Micah Crockett and Dominique Mosley, Plaintiffs suffered both physical and emotional injuries.

5

29. This unreasonable and unjustifiable beating of the Plaintiffs by Defendant Officers Deroin (Star #7619), Plebanski (Star #12072), JOHN DOE 1, JOHN DOE 2, was the direct and proximate cause of their pain, suffering and metal anguish. This act by the above individual Defendants violated the Plaintiffsø Fourth Amendment rights to be free from unreasonable seizures, Plaintiffsø Thirteenth Amendment right to freedom from badges and incidents of slavery, in addition to a violation of 42 U.S.C. 1983.

30. WHEREFORE, Plaintiff request that judgment be entered in favor of Plaintiff and against Defendant City of Chicago, and Officers Deroin (Star #7619), Plebanski (Star #12072), JOHN DOE 1, JOHN DOE 2, and that the Plaintiff be awarded compensatory damages, punitive damages, reasonable attorneyøs fees, costs, expenses and any other relief that this Honorable Court finds appropriate and just.

## Count 3—Conspiracy to Interfere with the Rights of Crockett
## 42 U.S.C. § 1983

31. Plaintiffs reallege and reincorporate by reference all previous paragraphs.

32. As a result of the concerted unlawful and malicious conspiracy of Defendant Officers Deroin (Star #7619), Plebanski (Star #12072), JOHN DOE 1, JOHN DOE 2, Plaintiffs were deprived of their liberty without due process of law, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983 and 1985.

33. As a direct and proximate result of this conspiracy, Plaintiffs were injured, including the loss of freedom, damage to reputation, humiliation, pain, suffering,

the deprivation of constitutional rights and dignity, lost time, wages, attorneys' fees and extreme emotional distress.

34. WHEREFORE, Plaintiffs request that judgment be entered in his favor and that he be awarded compensatory and punitive damages, reasonable attorneys' fees, costs and expenses and such further relief that this Honorable Court deems just.

### Count 4--42 U.S.C. Section 1983 Claim—Monell

**35.** Plaintiff realleges and incorporates all of the allegations in the preceding paragraphs.

36. The actions of the individual defendants, Defendant Officers Deroin (Star #7619), Plebanski (Star #12072), JOHN DOE 1, JOHN DOE 2), as alleged above were done pursuant to one or more *de facto* policies, practices and/or customs of the City of Chicago Police Department, as well as any investigating bodies that exist to investigate police misconduct.

37. Among the de facto policies of the municipality and its agents were:

   a. The failure to properly investigate allegations of police misconduct.

   b. The failure to have a system which monitors patterns of alleged police misconduct.

   c. The failure to properly discipline sustained allegations of police misconduct.

   d. The failure to properly maintain records of police misconduct and allegations of police misconduct, including the use of malicious prosecution and false arrest.

   e. The failure to properly hire, train, monitor, and/or supervise officers.

    f. A *de facto* policy, practice, and custom of the police code of silence results in police officers refusing to report instances of police misconduct of which they are aware, including the use of malicious prosecution and the maltreatment of persons, despite their obligation under Department regulations to do so. This conduct included police officers who remain silent or give false or misleading information during official investigations in order to protect themselves or fellow officers from internal discipline or retaliation, civil liability, or criminal prosecution.

    g. A *de facto* policy, practice, and custom of acting without good faith in using restraining orders and other documents that they know to be void as a means to harass and prosecute citizens of Chicago such as Micah Crockett.

38. The aforementioned policies, practices, and customs, individually and collectively have been maintained and/or implemented with deliberate indifference by the Defendant City of Chicago, and its subsidiary departments, and have encouraged the individual Defendants to commit the aforesaid wrongful acts against Plaintiff, and therefore acted as a direct and proximate cause of the complained of Constitutional and other legal violations, and Plaintiff's injuries.

39. WHEREFORE, Plaintiff request that judgment be entered in favor of Plaintiff and against Defendant City of Chicago, and Officers Gonzalez, Navarro, and John Doe, and that the Plaintiff be awarded compensatory damages, punitive damages, reasonable attorney's fees, costs, expenses and any other relief that this Honorable Court finds appropriate and just.

**WHEREFORE, PLAINTIFFS CROCKETT AND MOSLEY DEMAND JUDGMENT AGAINST DEFENDANT CITY OF CHICAGO**

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

//s// Brendan Shiller_____
Brendan Shiller

CIVIL RIGHTS CENTER
4554 N. Broadway, Suite 325
Chicago, IL 60640
773-907-0940
ARDC: 6279789