UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICAH CROCKETT, | ) |
| | ) |
| Plaintiff, | ) Case No. 08 C 4622 |
| | ) |
| v. | ) Magistrate Judge Sidney I. Schenkier |
| | ) |
| CHICAGO POLICE OFFICERS | ) |
| THOMAS DEROUIN (Star # 7619), | ) |
| DAVID PLEBANSKI (Star # 12072), and | ) |
| DUANE DE VRIES (Star # 250); and | ) |
| The CITY OF CHICAGO | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER[1]

Plaintiffs, Micah Crockett and Dominique Mosley, brought this Section 1983 action against the City of Chicago ("City") and Chicago police officers Thomas Derouin, David Plebanski, and Duane De Vries (collectively, defendants), alleging five counts: unlawful seizure, excessive force, conspiracy to interfere with Mr. Crockett's rights, a *Monell* claim against the City, and an indemnification count against the City (doc. # 26). The complaint has been amended twice since the case was filed on August 14, 2008.

On September 24, 2009, we dismissed the complaint with prejudice as to Ms. Mosley for want of prosecution after she failed to comply with multiple court orders to appear (doc. # 57). On January 12, 2010, by agreement of the parties, the Court dismissed with prejudice Mr. Crockett's conspiracy claim (Count III) and his *Monell* claim against the City (Count IV) (doc. # 67). Defendants then filed a motion for partial summary judgment, seeking dismissal of Officers

---

[1] On February 27, 2009, by consent of the parties as authorized by 28 U.S.C. § 636(c) and pursuant to Local Rule 73.1, this case was assigned to this Court for all proceedings, including entry of final judgment (doc. ## 34, 35).

Plebanski and Derouin from Count II, the excessive force claim, and seeking dismissal of Count V, the indemnification claim, as it relates to the excessive force claim against these two defendants (doc. # 68). Mr. Crockett did not respond to the motion by the date set by the Court, and his attorneys informed the Court that they did not intend to file a response; accordingly, we closed briefing on the motion for partial summary judgment (doc. # 71). We now rule on the motion based on the materials submitted by defendants.

The Court applies the established summary judgment standard, granting summary judgment if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue exists only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the burden of establishing that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court will construe the evidence and all reasonable inferences in favor of the non-moving party. *Durable Mfg. Co. v. U.S. Dep't of Labor*, 578 F.3d 497, 501 (7th Cir. 2009).

In general, to withstand a motion for summary judgment, the nonmoving party must present evidence sufficient to establish a triable issue of fact on all essential elements of its case. *Celotex*, 477 U.S. at 323. Local Rule 56.1(b)(3) provides that: "[a]ll material facts set forth in the statement required of the moving party will be deemed admitted unless controverted by the statement of the opposing party." Where, as here, the plaintiff has not responded to the defendant's motion for summary judgment or to the defendant's Local Rule 56.1(a)(3) statement in support of the motion for summary judgment, a literal application of Local Rule 56.1(a)(3) would lead to us summarily

2

treat as admitted for purposes of this motion all of the movant's asserted facts. *See Patterson v. Indiana Newspapers, Inc.*, 589 F.3d 357, 360 (7th Cir. 2009) (holding that "the district court is within its discretion to strictly enforce compliance with its local rules regarding summary-judgment motions").

That said, we have not deemed the defendants' fact statements admitted merely by operation of the local rule. Rule 56(c) authorizes entry of summary judgment only if the supporting evidence offered by a movant shows "that there is no genuine issue as to any material fact." We therefore have reviewed the underlying evidentiary materials defendants offer to support their fact statements. We conclude that those materials support the facts asserted by defendants, and that there is no genuine dispute as to these facts. Thus, we assess defendants' motion for summary judgment in the backdrop of the undisputed material facts defendants have established.

## I.

Defendants argue that the excessive force claim should be dismissed against Officers Derouin and Plebanski because there is no dispute that they did not use excessive force against Mr. Crockett (doc. # 69, Defs.' Mem. at 3). Although defendants only attach brief snippets of the officers' deposition testimony, they attach a larger section of Mr. Crockett's deposition testimony, which confirms that Mr. Crockett alleges that only the officer who had been sitting in the front passenger side of the police cruiser — established by the officers' deposition testimony as Officer De Vries — laid a hand on him (Defs.' Mem., Ex. D, Crockett Dep. at 136-43, 150, 197-98). After explaining the sequence of events during the night in question, Mr. Crockett answered "yes" to the question that "what you are complaining about is that you got punched in the face one time, right?" (Crockett Dep. at 162). Later in the deposition, Mr. Crockett confirmed that "yes," "[i]t was only one officer that

3

mistreated [him] before [he] w[as] put in the paddy wagon, correct?" and "no" he was not "mistreated by any of the other officers" (*id.* at 198-99).

This evidence negates the excessive force allegations against Officers Plebanski and Derouin in the complaint. The complaint alleges that "[a]ll four of the Defendant Officers repeatedly punched both Crockett and Mosley in the face and body" (Compl. ¶ 15), and that "[a]s a result of the unreasonable and unjustifiable attack on Micah Crockett and Dominique Mosley, Plaintiffs suffered both physical and mental injuries" (Compl. ¶ 28). Contrary to these allegations, Mr. Crockett has not presented any evidence that Officers Derouin and Plebanski were personally involved in any alleged use of force against him. "In order for liability to attach under § 1983, an individual must have personally caused or participated in the alleged constitutional deprivation." *Harper v. Albert*, 400 F.3d 1052, 1059, 1062 (7th Cir. 2005) (internal citations omitted). Where, as here, the plaintiff does not allege a failure to intervene claim, the plaintiff's excessive force claim must fail against the defendants who did not physically mistreat the plaintiff. *Id.* (affirming trial judge's Rule 50 dismissal of defendants from Eighth Amendment case where those defendants did not have actual physical contact with the plaintiffs); *see also Willis v. Freeman*, No. 02-1757, 2003 WL 22852988, at *2 (7th Cir. Nov. 20, 2003) (holding that because an individual defendant is liable only for his direct, personal wrongdoing, the district court correctly dismissed the officers who were not directly involved in the alleged use of excessive force).

In addition, there has been no evidence offered to show that Officers Derouin or Plebanski observed Officer De Vries' alleged conduct, directed or ordered Officer De Vries' alleged conduct, or were in a position to stop the alleged conduct. In fact, Officer Derouin testified that he did not

4

see what happened on the driver's side of Mr. Crockett's car because he was too preoccupied with Ms. Mosley on the passenger's side (Defs.' Mem., Ex. E, Derouin Dep. at 24-25).

Accordingly, the Court grants defendants' motion for partial summary judgment as to the excessive force allegations in Count II against Officers Plebanski and Derouin. As a corollary to the dismissal of these allegations, the Court grants defendants' motion for partial summary judgment on Mr. Crockett's indemnification claim against the City in Count V as it relates to the excessive force claims against Officers Plebanski and Derouin.

ENTER:

_____
SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: February 17, 2010